# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:13-cr-00355-GMN-CWH |
| vs. | **SECOND ORDER** |
| GREGORY VILLEGAS, *et al.*, | **Re: Motion (#176)** |
| Defendant. | |

This matter is before the Court on the Government's Motion to Restrict Defendant Villegas' Phone Privileges and Renew Order Prohibiting Contact with Potential Government Witnesses (#176), filed on May 6, 2015. The Defendant filed his Response (#179) on May 11, 2015. The Court conducted a hearing in this matter on June 1, 2015. On June 11, 2015, the Court entered Order (#186) which granted that part of the Government's motion which sought a renewed order that Defendant not contact individuals who are on the Government's no-contact witness list. The Court denied, without prejudice, that part of the Government's motion which sought to restrict Defendant's telephone access to calls with his legal counsel. Although the Government's motion indicated that the proposed restriction might require Defendant's movement to "a different security environment at the facility," the Government did not provide any specific information regarding the effect that the proposed restriction would have on Defendant's confinement. Nor did the Government present any testimony regard alternative methods, if any, that could be implemented to supervise a restriction on Defendant's telephone use. In response to Order (#186), the Government filed a Motion to Re-Open the Evidentiary Hearing to Present Additional Testimony (#187). The Court granted the Government's motion and scheduled a further evidentiary hearing for June 18, 2015. *Order (#188).*

**BACKGROUND AND DISCUSSION**

The Court hereby incorporates the Background and Discussion set forth in Order (#186). At the hearing on June 18, 2015, the Government presented the testimony of Officer Kurt Brauner of the Nevada Southern Detention Center ("Detention Center"). Officer Brauner is the Detention Center's security threat group coordinator ("STG") and is also charged with gathering intelligence. Officer Brauner conducted the investigation that resulted in the determination that Defendant Villegas had used the telephone personal identification numbers ("PINs") of other inmates or detainees to make telephone calls. He provided additional testimony regarding the rules governing detainee PINs and the prohibition against a detainee using another detainee's PIN.

Officer Brauner testified that he is familiar with Defendant Villegas' voice based on having monitored many of his telephone calls and having spoken with him in person. He testified that he met with Defendant Villegas on April 14, 2015 regarding his use of detainee Robert Barrows' PIN. Defendant Villegas admitted that he had used Mr. Barrows' PIN, that this had been an "ongoing thing," and that he had Mr. Barrows' permission to use his PIN. Officer Brauner advised Mr. Villegas that there was an issue whether he had used Mr. Barrows' PIN without his permission. Defendant Villegas responded that if there was any issue, he would pay restitution if need be.[1] Defendant Villegas stated that he was not familiar with the rule that prohibits detainees from using another detainee's PIN. Officer Brauner informed Defendant Villegas that this information was contained in the detainee handbook and in the Detention Center's written policies which were explained to him when he was booked into the facility.

Officer Brauner testified that pursuant to a subpoena, he has provided the Government with the recordings of Defendant Villegas' non-legal (non-attorney) telephone calls on a monthly basis. Following his April 14, 2015 meeting with Defendant Villegas, Officer Brauner reviewed telephone records to determine whether Defendant Villegas had used the PINs of detainees other than Mr. Barrows. Officer Brauner reviewed the telephone service provider's records for telephone

---

[1] The Court makes no finding whether Mr. Barrows did or did not give Defendant permission to use his PIN. The Court accepts Officer Brauner's testimony that the Detention Center prohibits a detainee from using another detainee's PIN.

calls to numbers known to be associated with Defendant Villegas. He listened to the recordings of telephone calls made to these numbers under PINs belonging to detainees other than Defendant Villegas. Officer Brauner determined that Defendant Villegas was the individual who actually participated in these phone calls. Officer Brauner initially determined that Defendant Villegas used the PINs of four detainees, including Mr. Barrows. Through further investigation, he determined that Defendant Villegas used the PINs of three additional detainees. Defendant Villegas and these detainees were or are housed in the same unit. The other detainees are charged with crimes involving felon in possession of a firearm, fraud,[2] and Hobbs Act robberies.

Officer Brauner testified that over the past year, four individuals associated with Defendant Villegas have deposited funds into his inmate account and also in the accounts of eleven other detainees. *See Government's Exhibit 1*. Officer Brauner also testified that on two occasions Defendant Villegas contacted the Detention Center's telephone service provider directly to obtain a new PIN. He stated that detainees who need a new PIN for some reason should make the request through their case management officer, as Defendant Villegas did on one occasion.

Officer Brauner testified that he has no evidence that Defendant Villegas has used another detainee's PIN since April 14, 2015. He testified, however, that approximately 18,000 telephone calls are made through the Detention Center each month. There are currently 773 inmates or detainees in the facility, with a significant turnover in the population each month as individuals enter or exit the facility.[3] There are only three investigators in Officer Brauner's office, two of whom investigate all inmate activity. Officer Brauner testified that it is extremely difficult, if not impossible, to determine if a particular detainee is violating the rules against the use of another detainee's telephone PIN. Thus, while he has no evidence that Defendant Villegas has used other

---

[2] Some of these individuals are charged in the "Carder.su" case which involves an alleged online marketplace for the illegal sale and distribution of fraudulent identification documents and stolen or counterfeit credit card numbers.

[3] The Court here uses the words "detainee" or "inmate" interchangeably. Officer Brauner did not indicate how many of the of individuals in the Detention Center are federal pretrial detainees or are individuals being held on some other basis.

detainees' PINs since April 14, 2015, he cannot state that he has not done so. For example, Officer Brauner does not know whether Defendant Villegas has used other detainees' PINs to call telephone numbers that are not known to be associated with him. Officer Brauner also testified that the misuse of detainees' PINs is an ongoing problem in the Detention Center and is not isolated to Defendant Villegas.

Officer Brauner testified that Defendant Villegas is currently housed in an open-bay dormitory that houses 96 detainees. The telephones are located in a corner of the dormitory next to the officer's podium. There is only one officer assigned to supervise the 96 detainees in the unit, and it would be impossible for that officer to monitor Defendant Villegas' use of the telephones to ensure that he does not violate any restrictions placed on his telephone usage. In order to supervise a restriction on Defendant Villegas' telephone use, he would have to be placed in a "restricted housing unit" under administrative segregation. Officer Brauner testified that while in administrative segregation, Defendant Villegas would be confined to his cell at all times, except for a one hour recreation break five days a week, and one hour of visitation each week which is the same visitation period provided for the general population of the Detention Center. Defendant Villegas' meals would be served to him in his cell. Defendant Villegas' authorized telephone calls would be arranged through a case manager, and he would be taken to an office or room where the telephone numbers would be dialed for him. Phone calls with his attorney would not be monitored. Any authorized phone calls to others would be monitored and recorded. Officer Brauner testified that prior to the hearing, he met with the warden and other Detention Center officers to discuss if there was any less restrictive measures that could be implemented to supervise Defendant Villegas' telephone use. They concluded that no other measures could be implemented.

The Government has demonstrated that up to April 14, 2015, Defendant Villegas used the PINs of other detainees to make numerous telephone calls, including calls to one individual on the Government's no-contact witness list – Jimmy Barraza. Defendant, however, did not discuss any substantive matters with Mr. Barraza relating to the criminal charges in the indictment. The Government has not shown that Defendant Villegas has engaged in illegal conduct through use of the telephone, or otherwise, since his incarceration in the Detention Center. Given Defendant

Villegas' misconduct while on pretrial release, however, the Government has a legitimate concern that Defendant has used and may use other detainees' PIN numbers to frustrate the Government's ability to monitor his non-attorney telephone calls and prevent him from communicating with individuals he is not allowed to contact, or from engaging in illegal conduct that the Detention Center and the Government are unable to detect.

The Court would be willing to impose a restriction on Defendant Villegas' telephone access to reasonably ensure that he does not contact individuals on the Government's no-contact list or engage in other improper or illegal conduct if such a restriction would not result in Defendant being placed in administrative segregation. Officer Brauner has made clear, however, that the only available means to enforce such a telephone restriction is to place Defendant in administrative segregation. Although the Government has shown that Defendant communicated by telephone with an individual on the no-contact list, there is no showing that he has continued to engage in such contact since the motion in this case was filed. While it is possible that Defendant could continue to use the PINs of other detainees to make telephone calls, there is no evidence that he has, in fact, done so since April 14, 2015. The Court is therefore not convinced that administrative segregation is necessary to prevent Defendant from misusing the telephone. Defendant is warned, however, that if it is hereafter shown that he has continued to violate the rules prohibiting the use of other detainees' PINs, or has otherwise used the telephone to engage in improper or illegal conduct, then the Court will impose a restriction on his telephone access even if it results in his administrative segregation. Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Restrict Defendant Villegas' Phone Privileges (#176) is **denied** with respect to the Government's request that Defendant's telephone access be restricted to telephone calls with his counsel only.

DATED this 22nd day of June, 2015.

*George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge