**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CR-355-GMN-CWH |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| GREGORY VILLEGAS, <br> a.k.a. Ray Matsui, <br> a.k.a. Ray Mathis, <br> a.k.a. John Thames, <br> a.k.a. Thomas Rasmus, <br> a.k.a. Jacob Bailey | |
| Defendant. | |

This Court finds Gregory Villegas, a.k.a. Ray Matsui, a.k.a. Ray Mathis, a.k.a. John Thames, a.k.a. Thomas Rasmus, a.k.a. Jacob Bailey, pled guilty to Count 1 of a 35-Count Superseding Criminal Indictment charging him with conspiracy to commit wire fraud in connection with telemarketing in violation of 18 U.S.C. §§ 1343, 1349, and 2326(1). Superseding Criminal Indictment, ECF No. 217; Bill of Particulars for Forfeiture of Property, ECF No. 226; Plea Agreement, ECF No. 296; Change of Plea, ECF No. 297.

The in personam criminal forfeiture money judgment is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B); and 18 U.S.C. § 1349, conspiracy to commit such offense; and (2) any real or personal property constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. § 1343 or 18 U.S.C. § 1349, conspiracy to commit such offense, and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(8)(B), and 21 U.S.C. § 853(p).

This Court finds that Gregory Villegas, a.k.a. Ray Matsui, a.k.a. Ray Mathis, a.k.a. John Thames, a.k.a. Thomas Rasmus, a.k.a. Jacob Bailey, shall pay an in personam

criminal forfeiture money judgment of $5,261,218 to the United States of America, not to be held jointly and severally liable with any codefendants and the collected money judgment amount between the codefendants is not to exceed $5,261,218 to Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(8)(B); 21 U.S.C. § 853(p); and forfeiture law.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); *United States v. Prasad*, 18 F.4th 313, 321 (9th Cir. 2021).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from Gregory Villegas, a.k.a. Ray Matsui, a.k.a. Ray Mathis, a.k.a. John Thames, a.k.a. Thomas Rasmus, a.k.a. Jacob Bailey, the in personam criminal forfeiture money judgment of $5,261,218, not to be held jointly and severally liable with any codefendants and the collected money judgment amount between the codefendants is not to exceed $5,261,218 under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(8)(B); 21 U.S.C. § 853(p); and forfeiture law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED _____December 13_____, 2022.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE